■ In the Matter of RICHARD WEATHERLY, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [701 NYS2d 674] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

■ In the Matter of RICHARD WEATHERLY, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [701 NYS2d 675] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating the prison disciplinary rule that prohibits inmates from using controlled substances, after two EMIT tests performed on petitioner's urine sample yielded positive results for the presence of cannabi-

noids. In our view, the misbehavior report, combined with the testimony of the correction officer who performed the tests and authored the misbehavior report, constitute substantial evidence supporting the charge of drug use (*see, Matter of Kussius v Walker*, 247 AD2d 911, 912). Contrary to petitioner's contention, the chain of custody was sufficiently demonstrated and a proper foundation was laid for the reliance on the positive test results. The reporting correction officer responded to petitioner's questions relating to the timing of the tests and the Hearing Officer was entitled to credit his testimony (*see, Matter of Gonzalez v Selsky*, 253 AD2d 940). With respect to petitioner's argument that he was improperly denied documentary evidence, we find that the Hearing Officer fully explored petitioner's claims and properly found that the requested material was either irrelevant or unavailable due to security concerns (*see, Matter of Johnson v Selsky*, 257 AD2d 874; *Matter of Fletcher v Murphy*, 249 AD2d 638). Finally, we have examined petitioner's contention that the Hearing Officer was biased and find it to be wholly unsupported by the record.

Cardona, P. J., Crew III, Spain, Carpinello and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.