■ In the Matter of FRITZGERALD BAZELAIS, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [718 NYS2d 245] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following an altercation with another inmate, petitioner was charged in a misbehavior report with refusing to obey a direct order, violent conduct, disturbing the order of the facility and fighting. The initial determination after a tier III hearing, which found petitioner guilty of all charges, was administratively reversed and a new hearing was ordered. The new hearing resulted in a determination which found petitioner guilty of all charges except refusing to obey a direct order.

Based upon the undisputed evidence that the other inmate was the initial aggressor, petitioner contends that he acted in self-defense and, therefore, there is no basis for finding him guilty of any misconduct. There is evidence, however, including petitioner's admission that he bit the other inmate in the face, to support the conclusion that, while petitioner was not the initial aggressor, he thereafter took violent and combative action beyond what was necessary for self-defense and was actively engaged in the fight (*see, Matter of Baez v Goord,* 261 AD2d 741). In addition, in imposing the penalty, the Hearing Officer appropriately took into account that petitioner was not the initial aggressor (*see, Matter of Rivera v Goord,* 274 AD2d 813).

Petitioner's jurisdictional argument based upon the claimed untimeliness of the first hearing is unavailing. In the absence of substantial prejudice to petitioner from the delay, the

14-day time period for completing the hearing must be considered directory and not mandatory (*see, Matter of Byas v Goord*, 272 AD2d 800, *lv denied* 95 NY2d 765; *Matter of Taylor v Coughlin*, 135 AD2d 992). In any event, the time period runs from the writing of the misbehavior report (*see, Matter of Afrika v Edwards*, 160 AD2d 1212) and the hearing in this case was timely completed within the additional period authorized by two valid extensions to provide petitioner with facility documents that needed to be redacted (*see, Matter of Feliciano v Selsky*, 239 AD2d 799). Petitioner's remaining arguments are either not preserved or lacking in merit.

Crew III, J. P., Spain, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.