■ In the Matter of GERALD SPENCER, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [833 NYS2d 255]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Sullivan Correctional Facility in Sullivan County, was charged in a misbehavior report with violating various prison disciplinary rules arising out of an argument with a fellow inmate and his subsequent failure to obey an order of and his assault upon a correction officer. At a tier III disciplinary hearing, petitioner pleaded guilty with an explanation to creating a disturbance and refusing a direct order and not guilty to assaulting a staff member, engaging in violent conduct and interfering with an employee. At the conclusion of the hearing, he was found guilty of all charges. After that determination was affirmed on administrative appeal and his subsequent request for reconsideration proved unsuccessful, petitioner commenced this CPLR article 78 proceeding.

With respect to the charges of creating a disturbance and refusing a direct order, we note that petitioner's guilty plea precludes any challenge to that portion of the determination sustaining these charges (see Matter of Ramirez v Goord, 32 AD3d 601, 601 [2006]; Matter of Jiminez v Selsky, 29 AD3d 1246, 1246 [2006]). As to the remaining charges, the misbehavior report and related documentation, along with the testimony of the correction officer who witnessed the incident and authored the report, provide substantial evidence supporting the determination of guilt (see Matter of Williams v Goord, 36 AD3d 1033 [2007]; Matter of Thomas v Goord, 34 AD3d 1143 [2006]). Finally, we find unpersuasive or unpreserved for our review petitioner's remaining contentions, including his arguments that the Hearing Officer was biased (see Matter of Davis v Smith, 32 AD3d 1096, 1097 [2006]), that he was erroneously precluded from calling as witnesses two individuals who had no direct knowledge of the incident (see Matter of Townes v Goord, 32 AD3d 1136, 1136 [2006]), and that he was improperly denied the right to call as a witness the other inmate involved in the incident by virtue of the Hearing Officer's allegedly inadequate inquiry into the inmate's refusal to testify (see Matter of Williams v Goord, supra; Matter of Price v Goord, 29 AD3d 1203, 1204 [2006]).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ.,

concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.