In the Matter of JASON TAYLER, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, et al., Respondents. [853 NYS2d 441]—

Petitioner was charged in one misbehavior report with refusing a direct order and obstructing the visibility into his cell and, in another report, with refusing a direct order and assaulting a staff member. At a tier III disciplinary hearing on both misbehavior reports, petitioner pleaded guilty to the charges in the first report and was found guilty of the charges in the second. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.

Initially, we note that petitioner's guilty plea with respect to the charges in the first misbehavior report precludes any challenge to the determination as to those charges (*see Matter of Spencer v Goord*, 38 AD3d 1028, 1028 [2007], *lv denied* 9 NY3d 802 [2007]; *Matter of Price v Goord*, 29 AD3d 1203, 1204 [2006]). The second misbehavior report and the related documentation provide substantial evidence to support the determination of guilt with respect to the remaining charges (*see Matter of Moxley v Selsky*, 45 AD3d 1084, 1084 [2007]; *Matter of Graham v Goord*, 43 AD3d 526, 526 [2007]). To the extent that petitioner offered a contrary version of the incident, he created a credibility issue for the Hearing Officer to resolve (*see Matter of Ramirez v Goord*, 32 AD3d 601, 601 [2006]). Petitioner's remaining claims are not preserved inasmuch as he failed to make the necessary objections at the hearing (*see Matter of Tafari v Brown*, 47 AD3d 979 [2008]; *Matter of Rosario v Goord*, 25 AD3d 841, 842 [2006]).

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.