■ In the Matter of EDWIN LAMAGE, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [870 NYS2d 809]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Elmira Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner participated in a physical altercation with another inmate and refused to stop when ordered to do so by a correction officer. As a result, petitioner was charged in a misbehavior report with fighting and disobeying a direct order. Following a tier II disciplinary hearing, petitioner was found guilty of both charges. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding seeking annulment ensued.

We confirm. The misbehavior report, authored by the correction officer who observed the altercation and ordered petitioner to cease fighting, is sufficient, by itself, to provide substantial evidence in support of the determination of guilt (*see Matter of Deale v Selsky*, 51 AD3d 1348, 1348 [2008]). To the extent that petitioner asserted that he acted in self-defense, although there

is some indication in the record that the other inmate was the initial aggressor, petitioner's subsequent conduct went beyond that which was necessary to protect himself (*see Matter of Bazelais v Goord*, 278 AD2d 723, 723 [2000]). As for petitioner's contention that he did not hear the order to stop fighting, a credibility issue was created for resolution by the Hearing Officer (*see Matter of Calhoun v Goord*, 13 AD3d 785, 786 [2004]). Petitioner's remaining claims have been examined and are rejected.

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.