■ In the Matter of ERIC SHA-MEK FRAZIER, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [880 NYS2d 718]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in two misbehavior reports with providing false information, violating facility correspondence procedures, conspiring to introduce drugs into the facility and soliciting another to introduce drugs into the facility. Petitioner pleaded guilty with an explanation to providing false information and violating facility correspondence procedures and, following a separate tier III disciplinary hearing, was found guilty of the remaining charges and administrative penalties were imposed. Although one of the penalties imposed subsequently was adjusted, petitioner's administrative appeals proved unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge those determinations.

We confirm. Preliminarily, petitioner's plea of guilty to providing false information and violating facility correspondence procedures precludes him from challenging that determination of guilt (see Matter of Dancy v Goord, 58 AD3d 922 [2009]; Matter of Tayler v Selsky, 49 AD3d 1060 [2008]). The remaining charges stem from an incident wherein another inmate's visitor attempted to smuggle marihuana into the facility for an inmate named "Sha," which petitioner acknowledged was his nickname.* Contrary to petitioner's assertion, the misbehavior report was sufficiently detailed to apprise him of the charges against him (see Matter of Sierra v Dubray, 58 AD3d 970, 970

---

* Petitioner's nickname appears in the record as both "Sha" and "Shaw."

[2009]). Further, the misbehavior report, together with the hearing testimony and the visitor's written statement, provide substantial evidence of petitioner's guilt (*see Matter of Fleming v Goord*, 28 AD3d 972, 973 [2006]; *Matter of Lovett v Goord*, 26 AD3d 563, 564 [2006]). To the extent that petitioner denied any wrongdoing, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Ohnmacht v Goord*, 47 AD3d 1030 [2008], *appeal dismissed* 10 NY3d 954 [2008]; *Matter of Ackridge v Ekpe*, 43 AD3d 509 [2007]). Petitioner's remaining contentions, including his claim of bias, are either unpreserved for our review or have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Lahtinen, Malone Jr. and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.