■ In the Matter of PERCELL JAMES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [887 NYS2d 878]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was observed engaging in a fight with fellow inmates in the recreation yard. When ordered to desist by correction officers, the inmates failed to comply and the officers had to give several more orders to stop before the fight ended. Following a tier III disciplinary proceeding, petitioner was found guilty of engaging in violent conduct, creating a disturbance, assaulting an inmate and refusing a direct order. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding challenging the determination.

We confirm. Contrary to petitioner's contention, the detailed misbehavior report and the unusual incident report provide substantial evidence to support the determination of guilt (*see Matter of Amaker v Selsky*, 43 AD3d 547, 547 [2007], *lv denied* 9 NY3d 814 [2007]; *Matter of Johnson v Goord*, 42 AD3d 626, 627 [2007]). Petitioner's testimony that he was acting in self-defense presented a credibility issue for the Hearing Officer to resolve (*see Matter of Bowers v Venettozzi*, 59 AD3d 793, 793 [2009]). Moreover, the misbehavior report was sufficiently detailed to

provide petitioner with notice of the charges against him (*see Matter of Frazier v Prack*, 62 AD3d 1185, 1185 [2009]). Petitioner's contention that the Hearing Officer was biased has been reviewed and found to be unavailing; his remaining contentions are unpreserved for our review.

Mercure, J.P., Rose, Kane, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.