■ In the Matter of Titus Haynes, Petitioner, v Norman Bezio, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [903 NYS2d 165]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

When a correction officer spoke to petitioner about the messy condition of his cell, he became agitated and began arguing with her in a loud manner. He then refused the officer's directive to be quiet, used profanity and made an inappropriate comment. As a result, he was charged in a misbehavior report with refusing a direct order, interfering with an employee, creating a disturbance, making threats and harassment. Shortly after this incident, another correction officer recovered from petitioner's locker a weapon resembling an ice pick that was wrapped in toilet paper and part of a towel, and secreted inside the sleeve of his winter jacket. A second misbehavior report was, in turn,

issued charging petitioner with possessing a weapon. Thereafter, a tier III disciplinary hearing was conducted with respect to the charges contained in both reports. At the conclusion of the hearing, petitioner was found guilty of all of the charges. The determination was subsequently modified on administrative appeal and the charges of creating a disturbance and making threats were dismissed. However, the determination of guilt was upheld with respect to the remaining charges. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior reports, together with the testimony of the correction officers who authored them as well as the documentary evidence adduced at the hearing, provide substantial evidence supporting the determination of guilt (*see Matter of Cruz v Goord*, 41 AD3d 1122, 1122-1123 [2007]; *Matter of Vines v Goord*, 19 AD3d 951, 952 [2005]). Petitioner's denial of any wrongdoing presented a credibility issue for the Hearing Officer to decide (*see Matter of Frazier v Prack*, 62 AD3d 1185, 1186 [2009]; *Matter of Britt v Fischer*, 54 AD3d 1087 [2008]). Moreover, any claimed deficiencies in the adequacy of petitioner's employee assistant were remedied by the Hearing Officer, and petitioner has not demonstrated that he was prejudiced in his defense by such deficiencies (*see Matter of Rivera v Goord*, 38 AD3d 964, 964 [2007]; *Matter of Martino v Goord*, 38 AD3d 958, 959 [2007]). In addition, we find no merit to petitioner's claim that he was improperly denied witnesses, as the inmates who could be identified as potential witnesses executed refusal forms indicating that they had no knowledge of the incidents in question (*see Matter of Reynoso v Fischer*, 67 AD3d 1166 [2009], *appeal dismissed* 14 NY3d 767 [2010]; *Matter of Martinez v Selsky*, 53 AD3d 989 [2008]). Petitioner's remaining contentions, including his claim that the Hearing Officer was biased, have been examined and found to be unpersuasive.

Cardona, P.J., Peters, Rose, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.