In the Matter of JESSIE J. BARNES, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [930 NYS2d 291]—

Petitioner, a prison inmate, was being transported on a bus that made a stop at the Willard Drug Treatment facility. While other inmates were being admitted into the facility, petitioner was instructed to sit on a bench in the reception area. Thereafter, petitioner began yelling obscenities and disturbing the reception process. When directed to stop, petitioner refused and directed further obscenities at the correction officers, at which time they escorted him to a holding room. While in the holding room, petitioner spit on an officer, damaged the door by repeatedly kicking it, exposed his penis and threatened to kill the officers. As a result, petitioner was issued a misbehavior report charging him with making threats, disturbing facility order, refusing a direct order, damaging state property, engaging in lewd conduct and committing an unhygienic act. Following a tier III disciplinary proceeding, petitioner was found guilty as charged. That determination was administratively affirmed, prompting the commencement of this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, testimony of the officers involved in the incident and supporting documentation provide substantial evidence to support the determination of guilt (*see Matter of Cody v Fischer,* 84 AD3d 1651, 1651 [2011]; *Matter of Jackson v Prack,* 84 AD3d 1660, 1660 [2011]).

Petitioner's assertion that he had been assaulted by correction officers without provocation, supported by the testimony of his inmate witnesses, raised a question of credibility to be resolved by the Hearing Officer (*see Matter of Williams v Fischer*, 84 AD3d 1661, 1662 [2011]; *Matter of Jackson v Prack*, 84 AD3d at 1660).

Turning to petitioner's procedural contentions, he was not improperly denied the testimony of other inmate witnesses inasmuch as he was provided with refusal forms indicating that they had no knowledge of the alleged incident and he was offered an opportunity during the hearing to examine the forms and make objections, which he declined to do (*see Matter of Haynes v Bezio*, 73 AD3d 1295, 1296 [2010]; *Matter of Reynoso v Fischer*, 67 AD3d 1166 [2009], *appeal dismissed* 14 NY3d 767 [2010]). Likewise, petitioner was properly denied access to the confidential testimony of mental health personnel (*see Matter of Scott v Fischer*, 82 AD3d 1431, 1432 [2011]; *Matter of Gibson v Fischer*, 56 AD3d 916, 917 [2008]). Lastly, we find that the determination of guilt was the result of evidence presented at the hearing and not, as petitioner contends, any alleged hearing officer bias (*see Matter of Montgomery v Fischer*, 84 AD3d 1666, 1667 [2011]).

Petitioner's remaining contentions have been considered and, to the extent preserved for our review, found to be without merit.

Peters, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.