■ In the Matter of THOMAS O'SULLIVAN, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [930 NYS2d 296]—

Petitioner, a prison inmate, was served with two misbehavior reports charging him with assault, fighting, creating a disturbance and refusing a direct order. The charges stemmed from an incident in which petitioner fought with another inmate, ignored a correction officer's orders to stop, and bit off a piece of the other inmate's nose. During a tier III disciplinary hearing, petitioner pleaded guilty to fighting and creating a disturbance and he was found guilty of the remaining charges at the conclusion of the hearing. The determination of guilt was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.*

We affirm. The detailed misbehavior report, extensive documentation and petitioner's own testimony during the disciplinary hearing provide substantial evidence to support the determination of guilt with regard to the charges of assault and refusing a direct order (*see Matter of Samuels v Department of Correctional Servs. Staff*, 84 AD3d 1629, 1630 [2011]; *Matter of Parra v Fischer*, 76 AD3d 724, 725 [2010], *lv denied* 15 NY3d

---

* Inasmuch as the petition arguably raised a question of substantial evidence, we will treat the matter as though it had been transferred and consider it de novo (*see* CPLR 7804 [g]; *Matter of Hughes v Bezio*, 84 AD3d 1598, 1598 n [2011]; *Matter of Parkinson v Selsky*, 45 AD3d 1079, 1080 [2007]).

714 [2010]). While the record indicates that the other inmate instigated the altercation and petitioner claimed that his involvement was strictly in self-defense, the Hearing Officer was entitled to credit evidence that petitioner's conduct exceeded that which was necessary to protect himself (*see Matter of Bartley v Fischer*, 73 AD3d 1363, 1364 [2010]; *Matter of Lamage v Fischer*, 58 AD3d 1045, 1045-1046 [2009]). Petitioner's contention that he did not hear the officer's order to stop fighting raised a credibility issue to be resolved by the Hearing Officer (*see Matter of Barclay v Knowles*, 79 AD3d 1550, 1550 [2010]; *Matter of Lamage v Fischer*, 58 AD3d at 1046). Lastly, we disagree with petitioner that he was deprived of his right to call an inmate witness. While the inmate originally agreed to testify but later refused without explanation, the record demonstrates that the Hearing Officer protected petitioner's right by personally interviewing the witness and attempting to ascertain the reasons for his refusal (*see Matter of Tafari v Fischer*, 78 AD3d 1405, 1406 [2010], *lv denied* 16 NY3d 704 [2011]; *Matter of Hill v Selsky*, 19 AD3d 64, 67 [2005]).

Petitioner's remaining contentions have been considered and found to be either unpreserved or without merit.

Mercure, J.P., Spain, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.