■ In the Matter of JOSUE ENCARNACION, Petitioner, v JOSEPH BELLNIER, as Superintendent of Marcy Correctional Facility, Respondent. [934 NYS2d 511]—

Petitioner was charged in a misbehavior report with fighting, violent conduct and refusing a direct order after a correction officer witnessed petitioner engaging in a physical altercation with three other inmates, all of whom ignored direct orders to stop fighting. Following a tier II disciplinary proceeding, petitioner was found guilty of the charges, and the determination was affirmed upon administrative appeal. Subsequently, petitioner was charged in a second misbehavior report with making threats after he allegedly walked by a correction officer and uttered, "I'll get you." Petitioner again was found guilty after a tier II disciplinary hearing and, following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the two determinations.

We confirm. Preliminarily, petitioner's assertions that the underlying misbehavior reports were insufficient to enable him to prepare a defense and that he was denied the opportunity to present witnesses or documentary evidence on his behalf are unpreserved for our review in light of his failure to raise such issues at the respective hearings (*see Matter of Vidal-Ortiz v Fischer*, 84 AD3d 1627, 1628 [2011]; *Matter of Evans v Bezio*, 84 AD3d 1622, 1623 [2011]).

As to the first incident, the detailed misbehavior report, standing alone, provides substantial evidence to support the determination of guilt (*see Matter of Collins v Bellnier*, 79 AD3d 1520, 1521 [2010]; *Matter of Lamage v Fischer*, 58 AD3d 1045, 1045 [2009]). To the extent that petitioner contends that he was jumped by another inmate and acted in self-defense, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Barclay v Knowles*, 79 AD3d 1550, 1550 [2010]; *Matter of James v Fischer*, 67 AD3d 1163, 1163 [2009]). With regard to the second incident, the misbehavior report and testimony of the correction officer who witnessed the incident constitute substantial evidence of petitioner's guilt (*see Matter of Barnes v Prack*, 87 AD3d 1216, 1216 [2011]; *Matter of Green v Fischer*, 77 AD3d 1011, 1012 [2010], *lv denied* 16 NY3d 710 [2011]), and petitioner's assertion that the report was written in retaliation for grievances he had filed presented a credibility question for the Hearing Officer's resolution (*see Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]; *Matter of Lovett v Smith*, 80 AD3d 1039, 1040 [2011]).

Finally, our review of the record reveals that the determinations of guilt resulted from the evidence adduced at the hearings rather than from any alleged hearing officer bias (*see Matter of Goodman v Smith*, 85 AD3d 1474, 1475 [2011]; *Matter of Ellison v Fischer*, 79 AD3d 1538, 1539 [2010]). Petitioner's remaining contentions, to the extent not specifically addressed, are either unpreserved for our review or have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Malone Jr., McCarthy and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.