In the Matter of RONALD CROOK, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [937 NYS2d 379]—

The detailed misbehavior report and the unusual incident report provide substantial evidence supporting the determination of guilt (see Matter of James v Fischer, 67 AD3d 1163, 1163 [2009]; Matter of Johnson v Goord, 42 AD3d 626, 627 [2007]). While petitioner pointed out that the cube could be accessed by other inmates, "a reasonable inference of possession arises when contraband is found in an area within an inmate's control" (Matter of Alston v Goord, 4 AD3d 708, 709 [2004]; see Matter of Lopez v Selsky, 28 AD3d 968, 968 [2006]). Petitioner's related contention that the pen and SIM card did not belong to him presented a credibility issue for the Hearing Officer to resolve (see Matter of Daughtry v Bezio, 84 AD3d 1623, 1624 [2011], lv denied 17 NY3d 709 [2011]; Matter of Griffin v Selsky, 60 AD3d 1247, 1248 [2009]).

Although petitioner's remaining arguments are largely unpersuasive, we nevertheless agree with him that the determination must be annulled insofar as he was found guilty of possessing contraband. At the hearing, petitioner correctly asserted

---

that an investigator had sought telephone call records associated with the SIM card in order to determine its true owner. The investigator subsequently testified that he had been unable to subpoena the relevant records, but refused to elaborate further, claiming that the reasons were confidential. Notwithstanding petitioner's objections to this response—which left the record devoid of any explanation for the inability to subpoena the records—the Hearing Officer made no effort to substantiate this "bald" claim of confidentiality (*Matter of Porter v Cuomo*, 191 AD2d 852, 853 [1993]). Accordingly, remittal for a new hearing on the charge of possessing contraband is required (*see id.*; *see also Matter of Hillard v Coughlin*, 187 AD2d 136, 139-140 [1993], *lv denied* 82 NY2d 651 [1993]; *cf. Matter of Sharpe v Coombe*, 237 AD2d 980, 981-982 [1997]).

Mercure, A.P.J., Peters, Rose, Malone Jr. and Garry, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing contraband; matter remitted to respondent for further proceedings on that charge; and, as so modified, confirmed.