Contrary to petitioner’s contention, his plea of guilty to possessing tattoo equipment “precludes any challenge to that portion of the determination” (Matter of Spencer v Goord, 38 AD3d 1028, 1028 [2007], lv denied 9 NY3d 802 [2007]; see Matter of Linnen v Prack, 92 AD3d 986, 987 [2012], lv dismissed 20 NY3d 905 [2012]). As for the weapons possession charge, respondent correctly concedes that it must be annulled due to the unjustified refusal of correction officials to permit petitioner to observe the search of his cell (see Matter of Morales v Fischer, 89 AD3d 1346, 1347 [2011]). Inasmuch as a loss of good time was recommended as part of the penalty imposed, the matter must be remitted so that respondent may reassess the penalty upon the remaining violation (see Matter of Linnen v Prack, 92 AD3d at 987; Matter of Dawes v Venettozzi, 87 AD3d 1219, 1220 [2011], lv denied 18 NY3d 803 [2012]).
*1307 Peters, P.J., Lahtinen, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing weapons and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner’s institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed on the remaining violation; and, as so modified, confirmed.