■ In the Matter of CHARLES WATSON, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [971 NYS2d 578]—

Proceeding pursuant to CPLR article 78 and action for a declaratory judgment (transferred to this Court by order of the Supreme Court, entered in Clinton County) to, among other things, review determinations of the Commissioner of Correctional Services and Community Supervision and the Superintendent of Clinton Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, challenges a tier II disciplinary determination finding him guilty of smuggling and being out of place, as well as a separate tier III determination finding him guilty of drug use. Petitioner also sought, among other things, declaratory relief with respect to, among other things, his allegedly improper confinement in a special housing unit while he was serving a keeplock penalty. Supreme Court transferred the matter to this Court pursuant to CPLR 7804 (g).

Initially, to the extent that petitioner's contentions can be construed as raising a substantial evidence issue, we find them to be lacking in merit. Petitioner's plea of guilty to being out of place precludes any challenge to that charge (*see Matter of Hernandez v Fischer*, 101 AD3d 1306, 1306 [2012]), and the misbehavior reports, hearing testimony and relevant documentation support the charges of smuggling and drug use (*see Matter of Carrero v Fischer*, 106 AD3d 1299, 1299 [2013]; *Matter of Harrison v Fischer*, 104 AD3d 1032, 1032 [2013]).

Turning to petitioner's procedural claims, we find them to be similarly unpersuasive. Contrary to petitioner's argument, the record does not support his assertion that the Hearing Officer at the tier II hearing engaged in improper off-the-record conversations or "was biased or that the determination flowed from any alleged bias" (*Matter of Jackson v Fischer*, 98 AD3d 766, 768 [2012]). Although petitioner contends that his request at the tier III hearing for, among other things, a copy of the documentation and procedures used in the Albany Central Office for selecting inmates for random urinalysis tests was improperly denied, under the circumstances, we find no basis to disturb the ruling that such information—including any information specifically pertaining to him—was unavailable to

inmates (*see Matter of Weatherly v Goord*, 268 AD2d 642, 643 [2000]).*

Finally, petitioner's "request for declaratory relief . . . is not authorized by CPLR 7804 (g)" (*Nunez v LaValley*, 95 AD3d 1583, 1584 [2012]). Therefore, this matter must be remitted to Supreme Court for further proceedings as to those claims, including "entry of an appropriate judgment" (*Matter of Applegate v Heath*, 88 AD3d 699, 700 [2011]). All remaining arguments not specifically addressed, including petitioner's claim that Supreme Court improperly denied his discovery requests (*see* CPLR 7804 [a]; 408), have been examined and found to be unpersuasive.

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, petition dismissed to that extent and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

---

* We note that, while petitioner asserts in the petition that his Freedom of Information Law (hereinafter FOIL) request for the documentation pertaining to random urinalysis tests was also improperly denied, his failure to attach the alleged denial and other relevant FOIL documents precludes review of this issue. We additionally find petitioner's challenge to the denial of his FOIL request seeking a copy of respondent's Performance Review Function Manual to be moot, inasmuch as respondent has informed this Court that this document has now been provided to petitioner.