Matter of D'Antuono v Graham (2018 NY Slip Op 02967)





Matter of D'Antuono v Graham


2018 NY Slip Op 02967


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


431 TP 17-01553

[*1]IN THE MATTER OF FRANK D'ANTUONO, PETITIONER,
v
HAROLD D. GRAHAM, SUPERINTENDENT, AUBURN CORRECTIONAL FACILITY, RESPONDENT. 






FRANK D'ANTUONO, PETITIONER PRO SE. 
ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered August 22, 2017) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv]), 104.11 (7 NYCRR 270.2 [B] [5] [ii]) and 104.13 (7 NYCRR 270.2 [B] [5] [iv]), and vacating the recommended loss of good time, and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of those rules, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of a determination, following a tier III hearing on two separate misbehavior reports, that petitioner violated various inmate rules. Addressing first the determination with respect to the second misbehavior report, we conclude that there is substantial evidence to support the determination that petitioner violated the inmate rules charged therein (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).
We agree with petitioner, however, that the determination with respect to the first misbehavior report, finding him guilty of violating inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]) and 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]) is not supported by substantial evidence. The videotape of the incident underlying those charges establishes that petitioner was defending himself from an unprovoked, surprise attack from another inmate (see Matter of Varela v Coughlin, 199 AD2d 1007, 1007-1008 [4th Dept 1993]). Contrary to respondent's contention, we conclude that the videotape further establishes that petitioner's conduct did not exceed what was necessary to defend himself (cf. Matter of O'Sullivan v Fischer, 87 AD3d 1229, 1230 [3d Dept 2011]).
We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated the inmate rules charged in the first misbehavior report, and we direct respondent to expunge from petitioner's institutional record all references to the violation of those inmate rules. There is no need to remit the matter to respondent for reconsideration of those parts of the penalty that have been served by petitioner (see Matter of Rodriguez v Fischer, 96 AD3d 1374, 1375 [4th Dept 2012]). The Hearing Officer, however, also recommended loss of good time, and the record does not reflect the relationship between the violations and that recommendation. We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation in light of our decision with respect to inmate rules [*2]100.13, 104.11 and 104.13 (see Matter of Williams v Annucci, 133 AD3d 1362, 1363-1364 [4th Dept 2015]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court