Matter of Moore v Annucci (2020 NY Slip Op 02351)





Matter of Moore v Annucci


2020 NY Slip Op 02351


Decided on April 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 23, 2020

530266

[*1]In the Matter of Isham Moore, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: March 20, 2020

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Isham Moore, New York City, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with fighting, engaging in violent conduct and creating a disturbance. According to the report, petitioner, while in the mess hall, was observed hitting another inmate in the upper back with a feed-up tray and then exchanging closed-fist punches. Several orders were given to petitioner and the other inmate to stop fighting before use of force was applied to stop the fight. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and the determination was affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report and hearing testimony — as well as the confidential documentation submitted for in camera review, including video footage of the incident — provide substantial evidence to support the determination of guilt (see Matter of Barzee v Venettozzi, 173 AD3d 1580, 1581 [2019]; Matter of Hart v Rodriguez, 169 AD3d 1148, 1148-1149 [2019], lv denied 33 NY3d 910 [2019]; Matter of Jones v Annucci, 166 AD3d 1174, 1175 [2018]; Matter of Funches v State of New York Dept. of Corr. & Community Supervision, 163 AD3d 1390, 1391 [2018], lv dismissed 32 NY3d 1140 [2019]). Although the Hearing Officer credited petitioner's testimony that the other inmate instigated the altercation, and petitioner claimed that his involvement was strictly in self-defense, the Hearing Officer was entitled to credit evidence that petitioner's conduct exceeded that which was necessary to protect himself (see Matter of D'Antuono v Graham, 160 AD3d 1430, 1430 [2018]; Matter of Lamage v Fisher, 100 AD3d 1176, 1176 [2012]; Matter of O'Sullivan v Fischer, 87 AD3d 1229, 1230 [2011]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.