Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner, a prison inmate, was charged in a misbehavior report with possessing a weapon, possessing an altered item, unauthorized exchange and improper use of a mess hall utensil after a search of the locker in his cell produced a sharpened mess hall fork, a pair of hair clippers belonging to a different inmate and a mess hall spoon. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the charges of unauthorized exchange and improper use of a mess hall utensil in connection with his possession of the hair clippers and the spoon, but denied that the sharpened fork belonged to him, and pleaded not guilty to the remaining charges. Petitioner was found guilty of all charges and the determination was affirmed on administrative review, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. Initially, to the extent that petitioner’s argu *1071 ments herein include the charges to which he pleaded guilty, we note that his plea of guilty to the charges of unauthorized exchange and improper use of a mess hall utensil precludes any such challenge (see Matter of Hernandez v Fischer, 101 AD 3d 1306, 1306 [2012]).
With respect to the remaining charges of possessing a weapon and possessing an altered item, we conclude that the determination of guilt is supported by substantial evidence, including the misbehavior report and hearing testimony (see Matter of Rodriguez v Fischer, 101 AD3d 1294, 1295 [2012]; Matter of Quezada v Fischer, 85 AD3d 1462, 1462 [2011]). “Although petitioner did not have exclusive access to his cell, a reasonable inference of possession arises inasmuch as the weapon was found in an area within his control” (Matter of Rogers v Bezio, 67 AD3d 1100, 1101 [2009] [citation omitted]). Petitioner’s claims that he did not know that the weapon was in his cell and that it must have been planted presented a credibility issue for resolution by the Hearing Officer (see Matter of Harvey v Fischer, 94 AD3d 1303, 1303 [2012]; Matter of Griffin v Selsky, 60 AD3d 1247, 1248 [2009]).
We also reject petitioner’s claim that he was improperly denied his right to observe the search of his cell. Department of Corrections and Community Supervision Directive No. 4910 (V) (C) (1) allows an inmate to observe a cell search when the inmate is removed from the cell for the search, unless a determination is rendered that such presence constitutes a safety or security risk. Here, petitioner’s own testimony indicates that the search began while he was away from his cell at work and, when he returned, he was informed that a weapon had been found in his locker, and he was told to stand aside. Under these circumstances, we find no violation of the applicable directive (see Matter of Mitchell v Fischer, 81 AD3d 1013, 1014 [2011]; Matter of Lopez v Selsky, 300 AD2d 975, 975 [2002], lv denied 100 NY2d 509 [2003]; compare Matter of Mingo v Chappius, 106 AD3d 1160, 1161 [2013]).
Finally, we have examined petitioner’s remaining contentions, including his claim of hearing officer bias and assertion that he was improperly denied a copy of the search schedule used by correction officers on the day in question, and find them to be lacking in merit.
Peters, PJ., Stein, Garry and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.