## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: March 26, 2015          516905
_____

In the Matter of CAMILLO
   DOUGLAS,
               Petitioner,
     v                        MEMORANDUM AND JUDGMENT

BRIAN FISCHER, as Commissioner
   of Corrections and Community
   Supervision,
               Respondent.
_____

Calendar Date: February 11, 2015

Before: McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

     Jillian S. Harrington, Monroe Township, New Jersey, for
petitioner.

     Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.

_____

McCarthy, J.P.

     Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent which found petitioner
guilty of violating certain prison disciplinary rules.

     Petitioner was suspected of possessing a weapon and was
ordered to submit to a pat frisk. During the course of the
frisk, he kicked the correction officer who was conducting it and
attempted to flee the area. In the course of doing so, he ran
into another officer and knocked him to the floor. A physical
altercation then ensued between petitioner and a number of

officers during which petitioner began yelling obscenities.  He was ultimately subdued and removed from the area.  As a result of this incident, petitioner was charged in a misbehavior report with assaulting staff, engaging in violent conduct, creating a disturbance and failing to comply with frisk procedures.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, related documentation and testimony of correction officers involved in the incident provide substantial evidence supporting the determination of guilt (see Matter of Alsaifullah v Fischer, 118 AD3d 1239, 1240 [2014], lv denied 24 NY3d 906 [2014]; Matter of Walker v Fischer, 108 AD3d 999, 1000 [2013]).  Any inconsistencies in the testimony and petitioner's protestations of innocence presented credibility issues for the Hearing Officer to resolve (see Matter of Rouse v Fischer, 94 AD3d 1310, 1310 [2012]; Matter of Crenshaw v Fischer, 89 AD3d 1343, 1344 [2011]).  Furthermore, we reject petitioner's assertion that the Hearing Officer improperly relied upon confidential information.  Although confidential information led to the pat frisk, it did not provide a basis for the determination of petitioner's guilt (see Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]; Matter of Mullady v Bezio, 87 AD3d 765, 766 [2011]).  We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

Egan Jr., Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court