*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    April 23, 2015                    519360
_____

In the Matter of EFRAIM DIAZ,
                    Petitioner,

            v                              MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____

Calendar Date:   February 24, 2015

Before:   Peters, P.J., McCarthy, Lynch and Devine, JJ.

                    _____

        Efraim Diaz, Coxsackie, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H.
Schiff of counsel), for respondents.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Clinton County)
to review a determination of the Commissioner of Corrections and
Community Supervision which found petitioner guilty of violating
a prison disciplinary rule.

        During a search of petitioner's cell, a correction officer
found, under the plastic shade of the cell light, a toothbrush
with a can top melted on one end that was wrapped in a cloth
lanyard.  As a result, petitioner was charged in a misbehavior
report with possession of a weapon.  Following a tier III
disciplinary hearing, petitioner was found guilty as charged.
That determination was upheld upon administrative appeal, and
this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report, unusual incident report, photograph of the weapon, documentary evidence and hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Nieves v Annucci, 123 AD3d 1368, 1368 [2014]; Matter of Smart v Fischer, 122 AD3d 1023, 1023 [2014], lv denied 24 NY3d 916 [2015]). In addition, contrary to petitioner's assertion, the absence of evidence demonstrating that his cell was searched or inspected prior to his arrival "does not necessarily negate the inference" that he possessed the weapon (Matter of Green v Fischer, 98 AD3d 771, 771-772 [2012]; see Matter of Fong v Goord, 36 AD3d 1099, 1100 [2007]).

Petitioner's remaining contentions, including his assertion that he was denied adequate assistance, have been examined and found to be lacking in merit.

Peters, P.J., McCarthy, Lynch and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court