*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    520172
_____

In the Matter of JOSE BURGOS,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Peters, P.J., McCarthy, Garry and Clark, JJ.

                    _____

        Jose Burgos, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating a prison disciplinary rule.

        While petitioner was confined in the special housing unit, his cell was searched and a sharpened piece of plexiglass was found in a jar of peanut butter located in a locker in the back of his cell.  As a result, petitioner was charged in a misbehavior report with possessing a weapon and smuggling. Following a tier III disciplinary hearing, he was found guilty of possessing a weapon, but not guilty of smuggling.  The determination was later affirmed on administrative appeal with a modified penalty.  This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the correction officer who conducted the search, provide substantial evidence supporting the determination of guilt (see Matter of Morales v Fischer, 119 AD3d 1298, 1299 [2014]; Matter of Alache v Fischer, 91 AD3d 1240, 1241 [2012]). Although petitioner claims that he was improperly denied the opportunity to observe the search in violation of Department of Corrections and Community Supervision Directive No. 4910, this directive is inapplicable given that he had previously been removed from his cell and placed in administrative segregation due to a separate incident (see Matter of Johnson v Fischer, 109 AD3d 1070, 1071 [2013]; Matter of Griffin v Selsky, 60 AD3d 1247, 1248 [2009]). Furthermore, we find no error in the Hearing Officer's denial of petitioner's request for the videotape depicting his removal from his cell because such evidence was irrelevant (see Matter of Byrd v Fischer, 117 AD3d 1263, 1263 [2014]; Matter of Cowart v Senkowski, 263 AD2d 730, 731 [1999]).

Peters, P.J., McCarthy, Garry and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court