## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 12, 2015          520425
_____

In the Matter of ROBERT A.
    HORTON,
                    Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting          MEMORANDUM AND JUDGMENT
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  September 22, 2015

Before:  McCarthy, J.P., Garry, Devine and Clark, JJ.

_____

    Robert A. Horton, Auburn, petitioner pro se.

    Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

    Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

    During the course of an investigation, correction officials conducted a search of petitioner's cell and found documents in his large locker that appeared to be forged.  One was a judicial decision on petitioner's CPL article 440 motion that was allegedly signed by a judge.  The other was an order purportedly signed by the same judge directing the superintendent of the correctional facility to release petitioner from custody.  Copies of these documents were apparently sent to various entities, including the Central Office of the Department of Corrections and

Community Supervision.  After correction officials confirmed that the documentation was fraudulent, petitioner was charged in a misbehavior report with forgery and possessing escape items.  He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The detailed misbehavior report, related documentation and investigating officer's testimony provide substantial evidence supporting the determination of guilt (see Matter of Alicea v Fischer, 108 AD3d 888, 888-889 [2013]; Matter of Smith v Prack, 98 AD3d 1180, 1180 [2012]).  Petitioner's challenge to the sufficiency of the handwriting comparison used to support the forgery charge is unpersuasive given that the investigator compared the forged documents with samples of petitioner's handwriting and the Hearing Officer undertook an independent assessment of these documents, noting the similarities (see Matter of Lumpkin v Fischer, 93 AD3d 1011, 1012 [2012]; Matter of Agosto v Selsky, 39 AD3d 1106, 1107 [2007]).  Although petitioner further claims that he was denied the opportunity to observe the cell search in violation of Department of Corrections and Community Supervision Directive No. 4910 (V) (C) (1), this regulation is inapplicable given that petitioner was not removed from his cell for the purpose of conducting the search, but had left the cell about an hour before the search commenced (see Matter of Johnson v Fischer, 109 AD3d 1070, 1071 [2013]; Matter of Nieves v Goord, 262 AD2d 1042, 1042 [1999]).  Furthermore, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Smith v Prack, 98 AD3d at 1180; Matter of Engles v Fischer, 78 AD3d 1410, 1411 [2010]).  We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or lacking in merit.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court