*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 17, 2015                    520769
_____

In the Matter of JAI DAVID
    ORTIZ,
                    Petitioner,

         v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
    et al.,
                    Respondents.
_____


Calendar Date:  October 27, 2015

Before:  Peters, P.J., Egan Jr., Rose and Clark, JJ.

                    _____


        Jai David Ortiz, Rome, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                    _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Franklin County)
to review a determination of respondent Commissioner of
Corrections and Community Supervision finding petitioner guilty
of violating certain prison disciplinary rules.

        During the course of an investigation that lasted nearly
two years, correction officials discovered that petitioner had
written letters to the family members of an inmate for whom he
had provided legal assistance seeking to extort money from these
individuals.  The investigation further revealed that, during the
same time, petitioner solicited funds from this inmate and
provided legal assistance to him without prior approval.  As a

result, he was charged in a misbehavior report with extortion, solicitation, providing false information and providing legal assistance without authorization. Following a lengthy tier III disciplinary hearing, petitioner was found guilty of all of the charges except for providing false information. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. The detailed misbehavior report and related documentation, together with the testimony of the investigator and the inmate who was victimized, provide substantial evidence supporting the determination of guilt (see Matter of Valdez v Fischer, 100 AD3d 1213, 1213 [2012]; Matter of Kairis v Fischer, 54 AD3d 462, 463 [2008]). Although petitioner denied any wrongdoing and maintained that the letters and legal documents were prepared by the other inmate, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Harrison v Fischer, 104 AD3d 1032, 1032 [2013]; Matter of Fraizer v Prack, 62 AD3d 1185, 1186 [2009]). Contrary to petitioner's claim, the misbehavior report was sufficiently detailed – setting forth the particulars of information obtained during the course of the two-year investigation, including the time, place and conduct at issue – to give petitioner notice of the charges and enable him to prepare a defense (see Matter of Cognata v Fischer, 85 AD3d 1456, 1457 [2011]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit.

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court