# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 14, 2016                    521332
_____

In the Matter of JULIO GIANO,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                    Respondent.
_____

Calendar Date:   February 23, 2016

Before:   Peters, P.J., Egan Jr., Rose and Clark, JJ.

_____

        Julio Giano, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner, a prison inmate, was charged with damaging state property and possession of a weapon, altered items and gambling paraphernalia following a search of his prison cell during which a correction officer discovered and confiscated, among other things, a section of tweezers that had been sharpened to a point.  Following a tier III disciplinary hearing, petitioner was found guilty of all charges.  On administrative appeal, the finding of guilt on all charges was affirmed. Petitioner thereafter commenced this CPLR article 78 proceeding.

Petitioner contends that no issue of substantial evidence was raised, and, therefore, the matter was erroneously transferred to this Court. Upon reviewing the verified petition, we disagree. While petitioner's claims in his verified petition are cast as procedural challenges, several of the claims therein challenge the veracity and authenticity of the documentary and testimonial evidence adduced at the hearing, and, therefore, such allegations implicate the sufficiency of the evidence upon which the determination of guilt is based. Accordingly, we find that the matter was properly transferred to this Court (see Matter of Bonez v Commissioner of Prison Sys. of State of N.Y., Dept. of Corrections, 65 AD3d 1411, 1411 [2009]; Matter of Crawford v Girdich, 301 AD2d 921, 921 & n [2003]).

Turning to the merits, the misbehavior report, unusual incident report, photograph of the weapon and documentary evidence, together with the testimony of both the correction officer who conducted the cell search and the correction officer who assisted with the search, provide substantial evidence to support the determination of guilt (see Matter of Perkins v Annucci, 129 AD3d 1421, 1421 [2015]; Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]; Matter of Nieves v Annucci, 123 AD3d 1368, 1368-1369 [2014]). Petitioner's contentions that the prohibited items found in his cell were planted there to retaliate against him and that he was not permitted to observe and be present during the search of his cell raised credibility issues for the Hearing Officer to resolve (see Matter of Fulmore v Prack, 116 AD3d 1281, 1282 [2014]; Matter of Aguirre v Fischer, 111 AD3d 1219, 1220 [2013]; see also Matter of Horton v Annucci, 133 AD3d 1002, 1003 [2015]). As for petitioner's claim that the disciplinary hearing was not conducted in a timely manner, the record discloses that, although more than 14 days elapsed between the writing of the misbehavior report and the conclusion of the hearing (see 7 NYCRR 251-5.1 [b]), appropriate extensions were obtained and the hearing was completed within the allotted time frame (see Matter of Moreno v Fischer, 100 AD3d 1167, 1168 [2012]; Matter of Ifill v Fischer, 72 AD3d 1367, 1368 [2010]). Finally, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Fowler v Fischer, 106 AD3d 1344, 1345 [2013], lv denied 21 NY3d 865 [2013]; Matter of White

<u>v Fischer</u>, 95 AD3d 1582, 1583 [2012]).  Petitioner's remaining contentions, to the extent that they are preserved for our review, have been examined and found to be without merit.

Peters, P.J., Egan Jr., Rose and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



ENTER:

Robert D. Mayberger
Clerk of the Court