*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                    521705
_____

In the Matter of RYAN SHUFELT,
                    Petitioner,

        v

                                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   February 23, 2016

Before:   Lahtinen, J.P., Garry, Devine and Clark, JJ.

                        _____

        Ryan Shufelt, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

                        _____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        Petitioner was charged in two misbehavior reports with violating prison disciplinary rules for his conduct on the evening of October 15, 2014.  During a pat frisk by a correction officer, two flat, sharpened metal objects, each measuring 10¼ inches long, were discovered in the boots that petitioner was wearing, and he was charged in a misbehavior report with possessing a weapon and smuggling.  Later that night, while petitioner was on contraband watch, he defecated and stamps in a plastic bag were recovered, and he was charged in a second misbehavior report with possession of authorized articles in an

unauthorized area and smuggling. At the ensuing tier III disciplinary hearing, petitioner pleaded guilty to the charges contained in the second misbehavior report and was found guilty of all of the charges. On administrative appeal, the determination was upheld with a modified penalty. Petitioner thereafter commenced this proceeding challenging the determination.

We confirm. Given that petitioner pleaded guilty to the charges contained in the second misbehavior report, he forfeited any challenge to the sufficiency of the evidence supporting the determination of guilt of those charges (see Matter of Kim v Annucci, 128 AD3d 1196, 1197 [2015]).[1] With regard to petitioner's challenge to the determination on the first misbehavior report, we find that the testimony of its author who found the weapons, as well as the documentary evidence, photographs of the weapons and the misbehavior report, provide substantial evidence to support the charges (see Matter of Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]; Matter of Smart v Fischer, 122 AD3d 1023, 1023 [2014], lv denied 24 NY3d 916 [2015]). Petitioner's claim that he was unaware that the weapons were in his boots presented a credibility issue for the Hearing Officer to resolve (see Matter of Perkins v Annucci, 129 AD3d 1421, 1421 [2015]). Further, while petitioner preserved his claim that the Hearing Officer failed to independently assess the credibility of the confidential information that prompted the pat frisk by raising it on his administrative appeal (see Matter of Rivera v Commissioner of DOCS, 122 AD3d 1052, 1053 [2014]), it lacks merit. The determination of guilt was based upon evidence establishing that petitioner had secreted weapons in his boots, rather that on the confidential information that led to the pat frisk, obviating the need to assess the confidential information (see Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]; Matter of Horne v Fischer, 98 AD3d 788, 789 [2012]). Petitioner's remaining claims are either unpreserved or lack merit.

---

[1] In any event, he has abandoned any claims related to those charges by not raising them in his brief (see Matter of Staine v Fischer, 111 AD3d 999, 999 [2013]).

Lahtinen, J.P., Garry, Devine and Clark, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court