*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 21, 2016                    521586
_____

In the Matter of RICHARD LACEY,
                    Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:   February 23, 2016

Before:   Lahtinen, J.P., McCarthy, Rose and Devine, JJ.

                        _____


        Richard Lacey, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
possession of a weapon and possession of an altered item after a
search of his cell uncovered a shank fashioned out of a
toothbrush, paper clip and shoelace.  Following a tier III
disciplinary hearing, petitioner was found guilty of both charges
and that determination was affirmed upon administrative appeal.
This CPLR article 78 proceeding ensued.

        Contrary to petitioner's claim, the matter was properly
transferred to this Court as the challenges in the petition raise

a question of substantial evidence (see CPLR 7804 [g]). To that end, the misbehavior report, picture of the weapon, confidential documentation and inferences to be drawn therefrom provide substantial evidence to support the determination of guilt (see Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]; Matter of Crook v Fischer, 91 AD3d 1076, 1076 [2012]). Petitioner's contention that the weapon was planted created a credibility issue for the Hearing Officer to resolve (see Matter of Johnson v Fischer, 109 AD3d 1070, 1071 [2013]). Any confidential information that prompted the search of petitioner's cell did not need to be assessed by the Hearing Officer as it did not form the basis for the determination of guilt (see Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]; Matter of Garcia v Fischer, 308 AD2d 609, 610 [2003]) and petitioner was not entitled to access the other confidential information considered in connection with the charges (see Matter of Hall v Fischer, 101 AD3d 1309, 1310 [2012]). We have reviewed petitioner's remaining contentions and, to the extent that they are preserved for our review, we find them to be without merit.

Lahtinen, J.P., McCarthy, Rose and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court