*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 23, 2016                    522114
_____

In the Matter of EDWARD
    BAYSDEN,
                        Petitioner,

        v
                                            MEMORANDUM AND JUDGMENT
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:   May 3, 2016

Before:   Peters, P.J., Lahtinen, Rose, Lynch and Devine, JJ.

_____

        Edward Baysden, Gowanda, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M. Arnold of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        During a search of petitioner's prison cell, a correction officer found a folded can lid with a cloth handle located inside of petitioner's instrument case.  As a result, petitioner was charged in a misbehavior report with possessing a weapon.  Following a tier III disciplinary hearing, petitioner was found guilty as charged.  The penalty imposed was modified by correction officials and the determination was later affirmed upon administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm.  The misbehavior report, unusual incident report, photograph of the weapon and testimony of the correction officer who conducted the search provide substantial evidence to support the determination of guilt (see Matter of Burgos v Prack, 129 AD3d 1434, 1434 [2015]; Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]).  Contrary to petitioner's contention, the hearing testimony does not establish that he was set up and, in any event, such claim presented a credibility issue for the Hearing Officer to resolve (see Matter of Gonzalez v Annucci, 122 AD3d 1203, 1204 [2014]).  Petitioner's assertion that the search of his cell was not carried out in compliance with Department of Corrections and Community Supervision Directive No. 4910 is unpreserved.

Peters, P.J., Lahtinen, Rose, Lynch and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court