*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 15, 2016                    521033
_____

In the Matter of WILLIAM
   BARTELLO,
                      Petitioner,

        v                                        MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
   et al.,
                      Respondents.
_____


Calendar Date:  August 8, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

                         _____


        William Bartello, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondents.

                         _____


        Proceeding pursuant to CPLR article 78 (transferred to this
court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent Commissioner of Corrections
and Community Supervision finding petitioner guilty of violating
a prison disciplinary rule.

        After an odor of marihuana was detected, the cells in the
area were searched and a two-inch sharpened metal object was
found in a bag in petitioner's cell.  Petitioner was charged in a
misbehavior report with possession of a weapon and, following a
tier III disciplinary hearing, he was found guilty as charged.
The determination was upheld on administrative appeal, with a

reduced penalty, and this CPLR article 78 proceeding followed.

The misbehavior report and testimony of its author, who searched petitioner's cell and found the weapon, combined with the documentary evidence and photographs of the weapon, provide substantial evidence to support the determination (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337 [2016]; Matter of Giano v Prack, 138 AD3d 1285, 1285 [2016]).  Contrary to petitioner's claim, the misbehavior report provided sufficient notice of the charge, including the rule violated and that the basis of the charge was the discovery of the piece of metal (see Matter of Hyatt v Annucci, 137 AD3d 1382, 1382 [2016]).  We also reject his claim that he was denied the opportunity to observe the cell search in violation of Department of Corrections and Community Supervision Directive No. 4910 (V) (C) (1).  This regulation "is inapplicable given that petitioner was not removed from his cell for the purpose of conducting the search" but, rather, he was already out of his cell at church at the time of the search (Matter of Horton v Annucci, 133 AD3d 1002, 1003 [2015]). Petitioner's contention that the weapon was planted and denial that he possessed it created a credibility question for the Hearing Officer (see Matter of Lacey v Annucci, 138 AD3d 1329, 1330 [2016]).  Further, the discrepancies between the misbehavior report and other evidence regarding who authorized the cell searches, what the weapon was wrapped in and the cell number where the weapon was found were explained through testimony at the hearing, which the Hearing Officer credited (see Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]; Matter of Bilal v Fischer, 92 AD3d 1046, 1047 [2012]).  Finally, the Hearing Officer did not err in refusing to recall the correction officer who authored the misbehavior report, as petitioner "had an opportunity to question him earlier in the hearing and failed to demonstrate that his further testimony would not be redundant" (Matter of Huggins v Goord, 28 AD3d 891, 892 [2006]). Petitioner's remaining claims also lack merit.

McCarthy, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court