*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 22, 2016                522252
_____

In the Matter of CONRAD
    MARHONE,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

JOHN SCHUCK, as Correction
    Officer at Attica
    Correctional Facility,
                        Respondent.
_____

Calendar Date:  August 8, 2016

Before:  Peters, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.

                    _____

        Conrad Marhone, Pine City, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                    _____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating a
prison disciplinary rule.

        During a search of petitioner's prison cell, a correction
officer found a rolled-up magazine on a coat hook containing a
concealed plastic rod sharpened to a point on one end with a
rubber grip on the other end.  As a result, petitioner was
charged in a misbehavior report with possessing a weapon.
Following a tier III disciplinary hearing, petitioner was found
guilty of the charge, and the determination was upheld upon
administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, related documentation, confidential testimony and the hearing testimony provide substantial evidence to support the determination of guilt (see Matter of Baysden v Annucci, 140 AD3d 1519, 1519 [2016]; Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]). Although petitioner denied possessing the weapon, which he contends had been planted in his cell in retaliation for a previous incident in which he had been exonerated, such claim presented a credibility issue for the Hearing Officer to resolve (see Matter of Tavarez v Annucci, 134 AD3d 1374, 1375 [2015]). Similarly, any minor discrepancy between the misbehavior report and the contraband receipt presented a credibility issue for the Hearing Officer to resolve (see Matter of Lane v Annucci, 127 AD3d 1492, 1446 [2015]; Matter of Bilal v Fischer, 92 AD3d 1046, 1047 [2012]), and petitioner has not demonstrated any prejudice arising from not being provided with a copy of the contraband receipt at the hearing (see Matter of Wilkerson v Annucci, 137 AD3d 1444, 1446 [2016]). Inasmuch as the weapon was discovered in petitioner's cell, we also reject petitioner's contention that the Hearing Officer inadequately assessed the credibility of the confidential information that had led to the search of his cell (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337-1338 [2016]; Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]).

Contrary to petitioner's contention, we find no abuse of discretion in Supreme Court's denial of his motion to consolidate this proceeding with a separate proceeding challenging an unrelated disciplinary determination, given petitioner's failure to establish that the two proceedings involve "a common question of law or fact" (CPLR 602 [a]; compare Matter of Giangualano [Birnbaum], 114 AD3d 1233, 1234 [2014]).

Peters, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court