## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 15, 2016                 522837
_____

In the Matter of MARCUS
   TELESFORD,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
   Commissioner of Corrections
   and Community Supervision,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  Peters, P.J., McCarthy, Garry, Egan Jr. and Rose, JJ.

_____

        Marcus Telesford, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

        After a pat frisk of petitioner revealed a concealed object, he grabbed the correction officer's right hand in an attempt to thwart that officer's attempt to recover the object, and use of force was required to subdue petitioner and recover the object.  As a result of the incident, petitioner was charged in a misbehavior report with engaging in violent conduct, assaulting staff and interfering with staff.  Following a tier III disciplinary hearing, petitioner was found guilty of the charges, and that determination was upheld on administrative

appeal.  Petitioner then commenced this CPLR article 78 proceeding.

We confirm.  The misbehavior report, testimony at the hearing, including the testimony of the correction officer who authored the misbehavior report, and documentary evidence provide substantial evidence to support the determination of guilt (see Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]; Matter of Douglas v Fischer, 126 AD3d 1244, 1245 [2015], lv denied 26 NY3d 904 [2015]).  To the extent that petitioner denied, among other things, having attempted to assault the correction officer who conducted the pat frisk and contended that the misbehavior report was authored in retaliation for previous grievances that he had filed, these claims raised credibility issues for the Hearing Officer to resolve (see Matter of Garrow v Annucci, 141 AD3d 1046, 1047 [2016]; Matter of Tuitt v Martuscello, 106 AD3d 1355, 1356 [2013], lv denied 21 NY3d 865 [2013]).

Turning to petitioner's procedural contentions, our review of the record establishes that petitioner received adequate employee assistance.  Petitioner was provided with those documents that were relevant and available, and any deficiencies in assistance were remedied by the Hearing Officer who read into the record the unusual incident report, use of force report and related documentation (see Matter of Hernandez v Fischer, 111 AD3d 1042, 1043 [2014]; Matter of Phelps v Fischer, 108 AD3d 1003, 1004 [2013], appeal dismissed 22 NY3d 1046 [2014]).  Moreover, petitioner was provided with an opportunity to review photographs taken after the incident and a use-of-force video.  Contrary to petitioner's claim, he was not denied any relevant witnesses as the requested witnesses were either not present during the incident or would have provided testimony that was redundant or immaterial (see Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]; Matter of H'Shaka v Fischer, 121 AD3d 1455, 1456 [2014], lv denied 24 NY3d 913 [2015]).  Petitioner's remaining contentions have been considered and are unavailing.

Peters, P.J., McCarthy, Garry, Egan Jr. and Rose, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court