*1304 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.
A metal razor with a black electrical tape handle and sheath were found in petitioner’s cell during a random search. As a result, petitioner was charged in a misbehavior report with possession of a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of that charge, and that determination was upheld upon administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, unusual incident report and supporting documentation, as well as the hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Lacey v Annucci, 138 AD3d 1329, 1330 [2016]; Matter of Burgos v Prack, 129 AD3d 1434, 1434 [2015]; Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]). Contrary to petitioner’s claim, the hearing testimony does not establish that he was set up, and, moreover, such claim presented a credibility issue for the Hearing Officer to resolve (see Matter of Baysden v Annucci, 140 AD3d 1519, 1519 [2016]; Matter of Lacey v Annucci, 138 AD3d at 1330). To the extent that petitioner contends that the time of the incident noted in the misbehavior report was slightly different from the time of the incident indicated in the contraband receipt, the record establishes that the Hearing Officer examined these documents and took them into consideration. The misbehavior report contained sufficient detail to provide petitioner with notice of the charge against him, and, in any event, the minor time discrepancy amounts to no more than a “harmless technical defect” (Matter of Eure v Goord, 271 AD2d 786, 787 [2000]; see Matter of Vines v Goord, 19 AD3d 951, 952 [2005]). Furthermore, petitioner expressly waived his right to call the author of the misbehavior report or any other witness at the hearing to explain the discrepancy (see Matter of Jones v Fischer, 101 AD3d 1197, 1198 [2012]; Matter of Hernandez v Selsky, 62 AD3d 1177, 1178 [2009]). We have reviewed petitioner’s remaining contentions and find them to be without merit.
Garry, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.