Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Following petitioner’s altercation with another inmate, petitioner’s cell was searched and a metal can lid folded into a weapon was found behind a light fixture. Petitioner was charged in a misbehavior report with possession of a weapon. Following the reversal of the initial tier III disciplinary hearing, a rehearing was held, at the conclusion of which petitioner was found guilty of the charge. Petitioner’s administrative appeal was unsuccessful. This CPLR article 78 proceeding ensued.
Contrary to petitioner’s contention, the misbehavior report, contraband receipt and testimony at the hearing provide substantial evidence to support the determination of guilt. Although petitioner testified that he had only been in the cell for 11 days and denied that the weapon was his, this was insufficient to negate the reasonable inference of petitioner’s possession of the weapon, which was found in an area under his control (see Matter of Nieves v Annucci, 123 AD3d 1368, 1368-1369 [2014]; Matter of Stile v Goord, 285 AD2d 693, 693 [2001]). The discrepancy in the log book entry as to whether a weapon was found was adequately explained as a clerical error through the testimony of the correction officer who found the weapon *1452 and filled out the paper work, which the Hearing Officer found credible (see Matter of Bartello v Annucci, 142 AD3d 1194, 1194 [2016]). To the extent that petitioner asserts that the Hearing Officer was biased, a review of the record reflects that the determination of guilt flowed from the evidence presented and not from any alleged bias of the Hearing Officer (see Matter of Medina v Prack, 144 AD3d 1273, 1274 [2016]; Matter of Patterson v Venettozzi, 140 AD3d 1562, 1563 [2016]). Because petitioner’s assertion regarding whether his cell was searched before he moved into it and his challenge to the sufficiency of the misbehavior report were not raised at the hearing when they could have been addressed, those contentions are not preserved for our review (see Matter of Abrams v Fischer, 109 AD3d 1030, 1031 [2013]).
Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.