■ In the Matter of CHRISTOPHER MASON, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [56 NYS3d 906]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item after a search of his cell uncovered seven pieces of, what appeared to be, copper wire that had been sharpened to a point. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed on administrative appeal with a modification of the penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, unusual incident report, pictures of the weapons and testimony at the hearing provide substantial evidence to support the determination of guilt (*see Matter of Thompson v Annucci*, 145 AD3d 1303, 1304 [2016]; *Matter of Baysden v Annucci*, 140 AD3d 1519, 1519 [2016]). Petitioner's assertion that he was unaware that the weapons were in his cell and that the misbehavior report was in retaliation for grievances filed against a correction officer presented

credibility issues for the Hearing Officer to resolve (*see Matter of Marhone v Schuck*, 142 AD3d 1232, 1232 [2016]).

To the extent that petitioner contends that the Hearing Officer did not independently assess the credibility of the confidential information that led to the search of his cell, the confidential information was inconsequential to the determination of guilt, which was based upon the actual discovery of the weapons (*see Matter of Hill v Venettozzi*, 144 AD3d 1295, 1296 [2016]; *Matter of Marhone v Schuck*, 142 AD3d at 1233). Further, contrary to petitioner's assertion, he was not improperly denied the opportunity to observe the cell search in violation of Department of Corrections and Community Supervision Directive No. 4910 inasmuch as he acknowledges that he was not removed from his cell but, rather, was at the law library when the cell search was conducted (*see Matter of Bartello v Annucci*, 142 AD3d 1194, 1194 [2016]). We have reviewed petitioner's remaining contentions, including his challenges to the adequacy of his employee assistance and alleged inconsistencies between the misbehavior report and unusual incident report, and find them to be without merit.

Peters, P.J., Garry, Lynch, Clark and Aarons, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.