◼ In the Matter of JONAH ALSTON, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [59 NYS3d 850]—

Appeal from a judgment of the Supreme Court (McNally, J.), entered January 21, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

During the course of a facility-wide search, a frisk of petitioner's prison cell revealed a hidden weapon in the form of

a seven-inch long metal ice pick sharpened to a point at one end. As a result, petitioner was charged in a misbehavior report with possessing a weapon or dangerous instrument. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and the determination was upheld on administrative appeal with a modified penalty. Petitioner then commenced this CPLR article 78 proceeding alleging procedural infirmities and, following joinder of issue, Supreme Court dismissed the petition. This appeal ensued.

We affirm. Contrary to petitioner's contention regarding the timeliness of the hearing, the record establishes that once the facility-wide lock down ended just two days after petitioner was confined, petitioner's hearing was extended upon proper authorizations and completed within the allowed time frames (see 7 NYCRR 251-5.1 [a], [b]; Matter of Vidal v Annucci, 149 AD3d 1366, 1367 [2017]; Matter of Giano v Prack, 138 AD3d 1285, 1286 [2016], lv denied 27 NY3d 912 [2016]). "In any event, compliance with that regulation 'is directory only and there is no indication of any substantive prejudice to petitioner resulting from the delay' " (Matter of Mills v Annucci, 149 AD3d 1593, 1594 [2017], quoting Matter of Comfort v Irvin, 197 AD2d 907, 908 [1993], lv denied 82 NY2d 662 [1993]). We also reject petitioner's contention that there was a violation of Department of Corrections and Community Supervision Directive No. 4910, which "allows an inmate to observe a cell search when the inmate is removed from the cell for the search, unless a determination is rendered that such presence constitutes a safety or security risk" (Matter of Kirby v Annucci, 147 AD3d 1134, 1135 [2017] [internal quotation marks and citations omitted]). Although petitioner was initially removed from his cell as a result of the facility-wide search for contraband, the record reflects that he was returned to his cell area and present when the search leading to the discovery of the weapon was conducted (see Matter of Johnson v Fischer, 109 AD3d 1070, 1071 [2013]). To the extent that the record contains conflicting testimony with respect to whether petitioner was present and allowed to observe the entire search, said testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Green v Taylor, 108 AD3d 960, 961 [2013]; Matter of Dalrymple v Fischer, 65 AD3d 725, 725 [2009]).

We also find unavailing petitioner's contention that he received inadequate employee assistance, which he predicates upon the assistant's alleged failure to provide him with requested documentation and to interview requested witnesses. To the contrary, the record establishes that, prior to the hear-

ing, petitioner met with his employee assistant, who provided him with the documentation that he requested, including the unusual incident report and contraband receipt. Moreover, any deficiencies in the assistance received were cured by the Hearing Officer, who afforded petitioner an opportunity to examine the photographs of the weapon and called four of the requested witnesses to testify, and petitioner has failed to demonstrate any residual prejudice from any purported deficiencies not addressed by the Hearing Officer (see Matter of Patterson v Venettozzi, 140 AD3d 1562, 1563 [2016]; Matter of Jones v Fischer, 138 AD3d 1294, 1295 [2016]). Finally, petitioner was not denied any relevant witnesses as the Hearing Officer properly declined to call additional inmate witnesses requested by petitioner whose testimony would have been redundant to the four inmate witnesses who had already testified (see Matter of Telesford v Annucci, 145 AD3d 1304, 1305-1306 [2016]; Matter of Hyatt v Annucci, 141 AD3d 977, 979 [2016]). We have reviewed petitioner's remaining arguments, including his claim that the determination of guilt flowed from alleged hearing officer bias, and find them to be without merit.

Peters, P.J., Garry, Lynch, Mulvey and Rumsey, JJ., concur. Ordered that the judgment is affirmed, without costs.