Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Based on allegations that petitioner was found to have a cutting-type weapon on his person when he was frisked and then found to have a second cutting-type weapon hidden in his cell, he was charged in a misbehavior report with possessing a weapon and smuggling. After a tier III disciplinary hearing, petitioner was found guilty of the charges. Following administrative review, this CPLR article 78 proceeding ensued.
 

 The misbehavior report, hearing testimony, unusual incident report and related documentation and photographs of the weapons provide substantial evidence supporting the determination of guilt (see Matter of Shufelt v Annucci, 138 AD3d 1336, 1337 [2016]; Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]). Petitioner’s claim that the weapons were planted in a retaliation scheme against him presented a credibility issue for the Hearing Officer to resolve (see Matter of Telesford v Annucci, 145 AD3d 1304, 1305 [2016]; Matter of Kearney v Fischer, 51 AD3d 1185, 1186 [2008]). As to petitioner’s inadequate employee assistance claim, the record reflects that he received meaningful assistance and, moreover, he failed to demonstrate any prejudice flowing from the alleged deficiencies (see Matter of Alston v Annucci, 153 AD3d 981, 982-983 [2017]). Next, while it appears that the wrong contraband card was used to identify the weapons in photographs (see Dept of Corr & Community Supervision Directive No. 4910A § IV [A] [3] [2016]), the hearing testimony and related documentation amply demonstrated that the weapons were properly secured (see Matter of Williams v Venettozzi, 150 AD3d 1501, 1502 [2017]).
 

 We do not agree with petitioner that he was wrongfully denied witnesses who would have testified regarding the effectiveness of his employee assistance and in regard to an interview that petitioner gave after the alleged incident, testimony that was either redundant or irrelevant (see Matter of Encarnacion v Annucci, 150 AD3d 1581, 1582 [2017], lv denied 30 NY3d 903 [2017]; Matter of Tafari v Fischer, 94 AD3d 1324, 1325 [2012], lv denied 19 NY3d 807 [2012]). Further, as indicated by the written refusal form and by the testimony of the correction officer who interviewed a potential inmate witness, that inmate, who had never agreed to testify, refused to testify on the grounds that he did not observe anything, and petitioner was not entitled to any further explanation or inquiry (see Matter of Vansteenburg v State of N.Y. Dept. of Corr. & Community Supervision, 128 AD3d 1295, 1296 [2015]; Matter of Hill v Selsky, 19 AD3d 64, 66-67 [2005]). Finally, the record does not indicate that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Ramos v Prack, 125 AD3d 1036, 1037 [2015], lv dismissed 25 NY3d 1039 [2015]). Petitioner’s remaining contentions, to the extent they are preserved, have been considered and are without merit.
 

 Garry, J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.