Matter of Nova v Kirkpatrick (2018 NY Slip Op 02862)





Matter of Nova v Kirkpatrick


2018 NY Slip Op 02862


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525484

[*1]In the Matter of JULIO NOVA, Petitioner,
v
MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, et al., Respondents.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Julio Nova, Attica, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After petitioner was moved to another cell, a correction officer assigned to pack up his cell found a plastic shank-like object that was sharpened at one end. Petitioner was thereafter charged in a misbehavior report with possession of a weapon. Following a tier III disciplinary hearing, he was found guilty of the charge. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, testimony of the correction officer who found the weapon and a photograph of the weapon provide substantial evidence to support the determination (see Matter of Miller v Venettozzi, 149 AD3d 1451, 1451 [2017]; Matter of Thompson v Annucci, 145 AD3d 1303, 1304 [2016]). Petitioner's denial that there was a weapon in his cell and claims that the weapon was planted in retaliation for a recent grievance he had filed against another officer, which were explored at the hearing and denied by the testifying officers, created a credibility issue for the Hearing Officer to resolve (see Matter of Ramos v Annucci, 150 AD3d 1510, 1511 [2017]).
Contrary to petitioner's claim, he was not denied meaningful assistance from his employee assistant. Any claim regarding witnesses who refused to testify when interviewed by the employee assistant, and were not thereafter requested as witnesses by petitioner at the hearing, is unpreserved (see Matter of Davis v Annucci, 140 AD3d 1432, 1433 [2016], appeal dismissed 28 NY3d 1109 [2016]; Matter of Rodriguez v Fischer, 138 AD3d 1328, 1329 [2016]).
Finally, while there are many inaudible gaps in the hearing transcript, we do not find that they are "so significant as to preclude meaningful [judicial] review" (Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017] [internal quotation marks and citation omitted]). Petitioner's remaining contentions have been reviewed and, to the extent that they are preserved, have been found to be without merit.
McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.