Matter of Lebron v Annucci (2018 NY Slip Op 05555)





Matter of Lebron v Annucci


2018 NY Slip Op 05555


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]In the Matter of EDGARDO LEBRON,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 11, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ.


 Edgardo Lebron, Attica, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
While a correction officer was conducting a pat frisk of petitioner, the officer found a broken state razor handle with a razor taped to the end in a cardboard sheath inside petitioner's coat pocket. As a result, he was charged in a misbehavior report with destroying state property and possessing a weapon. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related documentation and testimony of the correction officers and sergeant involved in the incident provide substantial evidence supporting the determination of guilt (see Matter of Giano v Prack, 138 AD3d 1285, 1285 [2016], lv denied 27 NY3d 912 [2016]; Matter of Phelps v Fischer, 108 AD3d 1003, 1003-1004 [2013], appeal dismissed 22 NY3d 1046 [2014]). Petitioner's denial of the charges and assertion that the weapon was planted inside his coat presented a credibility issue for the Hearing Officer to resolve (see Matter of Wood v Annucci, 158 AD3d 856, 857 [2018]; Matter of Wilson v Goord, 47 AD3d 1102, 1103 [2008]). Moreover, we do not find that petitioner was improperly denied an inmate witness as there is no indication that this inmate originally agreed to testify and the record contains a refusal form that he signed setting forth a plausible reason for his refusal (see Matter of Mears v Venettozzi, 150 AD3d 1498, 1499 [2017], lv denied 30 NY3d 905 [2017]; Matter of Gano v Venettozzi, 142 AD3d 1240, 1241 [2016]). Furthermore, upon reviewing the record, we find no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Douglas v Annucci, 155 AD3d 1216, 1217 [2017]; Matter of Sawyer v Annucci, 140 AD3d 1499, 1500 [2016]). We have considered petitioner's [*2]remaining contentions and find that they are either unpreserved for our review or lacking in merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.