Matter of Rogers v Annucci (2018 NY Slip Op 08405)





Matter of Rogers v Annucci


2018 NY Slip Op 08405


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526852

[*1]In the Matter of SHAUN ROGERS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 26, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ.


Shaun Rogers, Napanoch, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing contraband and possessing drugs after a search of his cell revealed a green leafy substance that tested positive for marihuana. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report adequately set forth the particulars with regard to the search of his cell and discovery of the marihuana in order to give petitioner notice of the charges and prepare a defense (see Matter of Ortiz v Prack, 134 AD3d 1336, 1337 [2015]). Further, the misbehavior report, positive test results and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Mitchell v Department of Corr. & Community Supervision, 147 AD3d 1135, 1136 [2017]; Matter of McMaster v Annucci, 138 AD3d 1289, 1289 [2016], lv denied 28 NY3d 902 [2016]). To the extent that petitioner asserts that he was denied the opportunity to observe the cell search, the record contains conflicting evidence as to whether petitioner was permitted to observe the search and, thus, presented a credibility issue for the Hearing Officer to resolve (see Matter of Alston v Annucci, 153 AD3d 981, 982 [2017]; Matter of Giano v Prack, 138 AD3d 1285, 1285-1286 [2016], lv denied 27 NY3d 912 [2016]).
Garry, P.J., McCarthy, Egan Jr., Lynch and Clark, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.