Matter of Sealey v Annucci (2019 NY Slip Op 07983)





Matter of Sealey v Annucci


2019 NY Slip Op 07983


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

529109

[*1]In the Matter of Santinarra Sealey, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: October 4, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Santinarra Sealey, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After a suspicion-based search of petitioner's cube yielded two cutting-type weapons and a substance that tested positive for Suboxone, petitioner was charged in a misbehavior report with possessing a weapon, possessing an altered item and possessing drugs. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. That determination was affirmed upon petitioner's administrative appeal, and this CPLR article 78 proceeding ensued.
To the extent that petitioner's brief may be read as challenging the evidence adduced at the disciplinary hearing, we find that the misbehavior report, together with the hearing testimony, photographic evidence and related documentation, constitute substantial evidence to support the determination (see Matter of Ortiz v Annucci, 160 AD3d 1192, 1192 [2018]; Matter of Mason v Annucci, 153 AD3d 1013, 1013 [2017]; Matter of Bartello v Annucci, 142 AD3d 1194, 1194 [2016]). Petitioner's claim that he improperly was denied his conditional right to be present for the search of his cube is unpersuasive. Petitioner acknowledges — and a review of the record confirms — that petitioner was not removed from his cube for the purpose of conducting the search; rather, immediately prior to the search, petitioner was talking on a pay phone in his housing unit. "Inasmuch as petitioner was already out of his cube at the time of the search, he was not improperly denied the opportunity to observe it" (Matter of Ortiz v Annucci, 160 AD3d at 1192-1193 [citation omitted]; see Matter of Mason v Annucci, 153 AD3d at 1014; Matter of Bartello v Annucci, 142 AD3d at 1194; Matter of Horton v Annucci, 133 AD3d 1002, 1003 [2015]; Matter of Johnson v Fischer, 109 AD3d 1070, 1071 [2013]). Finally, although petitioner takes issue with the redactions made to certain materials provided in response to his Freedom of Information Law request, this challenge is not properly before us, as the underlying petition sought only annulment of the disciplinary determination (compare Matter of Dawes v Annucci, 171 AD3d 1365, 1366-1367 [2019]; Matter of Letizia v Graham, 119 AD3d 1296, 1297 [2014], lv denied 24 NY3d 912 [2015]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.