■ In the Matter of JESUS R. VALDEZ, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [904 NYS2d 783]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer discovered various items including an altered hot pot, two taped up rolls of paper, a power protein container filled with flour, a toilet bowl brush and a wooden spoon with a charred tip. As a result, he was charged in a misbehavior report with possessing an altered item, possessing items in a prohibited area and possessing unauthorized items. That same day, he was charged in a second misbehavior report with using a controlled substance. A tier III hearing was subsequently conducted on the charges contained in both misbehavior reports and a Spanish-speaking interpreter was assigned to translate for petitioner. At the conclusion of the hearing, petitioner was found not guilty of using a controlled substance, but guilty of the other charges. The determination was later upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. Contrary to petitioner's claim, the misbehavior report, together with the testimony of the correction officer who recovered the subject items from petitioner's cell and authored the report, provide substantial evidence supporting the determination of guilt (*see Matter of Tarantola v Selsky*, 32 AD3d 1102, 1102 [2006]; *Matter of Campisi v Goord*, 23 AD3d 730, 731 [2005]). Petitioner's assertion that he was not afforded adequate notice of the charges because the Spanish translation of the misbehavior report was inaccurate has not been preserved for our review given his failure to raise it either at the hearing or in his administrative appeal (*see Matter of Gaines v Fischer*, 67 AD3d 1080, 1081 [2009]). His remaining claims are also either unpreserved or are lacking in merit. Therefore, we find no reason to disturb the determination of guilt.

Peters, J.P., Lahtinen, Malone Jr., Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.