In the Matter of IBN WOOD, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [919 NYS2d 547]—

Petitioner was charged in a misbehavior report with conspiring with another inmate to introduce a controlled substance into the correctional facility. The charge arose from a correction sergeant's investigation of an inmate who was found to be in possession of marihuana and who implicated petitioner as his supplier. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. The determination was later af-

firmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of correction officials involved in the investigation and the documentation related thereto, provide substantial evidence supporting the determination of guilt (*see Matter of Smart v New York State Dept. of Correctional Servs.*, 75 AD3d 1017, 1017-1018 [2010]; *Matter of Brown v Fischer*, 73 AD3d 1362, 1363 [2010]). While petitioner denied the charge and the inmate who implicated him recanted his prior statement, this conflicting testimony presented a credibility issue for the Hearing Officer to resolve (*see Matter of Perez v Bezio*, 76 AD3d 1134 [2010]; *Matter of Norris v Fischer*, 71 AD3d 1211, 1212-1213 [2010]). Petitioner's assertion that the misbehavior report did not provide him with adequate notice of the charged misconduct is not preserved for our review due to his failure to raise it at the hearing or in his administrative appeal (*see Matter of Valdez v Fischer*, 74 AD3d 1596, 1597 [2010]; *Matter of Weathersby v Goord*, 257 AD2d 934, 935 [1999]). His remaining procedural arguments are likewise unpreserved.

Peters, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.