*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 21, 2016                    521697
_____

In the Matter of MICHAEL L.
    WILSON JR.,
                     Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                     Respondent.
_____

Calendar Date:  February 23, 2016

Before:  McCarthy, J.P., Garry, Devine and Clark, JJ.

_____

        Michael L. Wilson Jr., Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
assaulting staff, refusing a direct order, being out of place and
violating movement regulations.  According to the misbehavior
report, petitioner refused to return to his cell when ordered
and, after he was placed in restraints and escorted to his cell,
he propelled himself backwards, striking a correction officer in
the chest and forcing the officer into the gallery fence.
Following a tier III disciplinary hearing, petitioner was found
not guilty of being out of place and violating movement

regulations, but guilty of the remaining charges. That determination was affirmed on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.[1]

We confirm. Although petitioner argues that certain correction officers who had personal knowledge of the incident should have either endorsed the misbehavior report or filed their own reports, inasmuch as the record reflects that all the correction officers cited by petitioner testified at the hearing, petitioner has not demonstrated any prejudice (see Matter of Cane v Fischer, 115 AD3d 1097, 1098 [2014]; Matter of Pante v Goord, 73 AD3d 1394, 1395 [2010]). The record further establishes that the hearing was commenced and completed in a timely manner and that proper extensions were obtained (see Matter of Jamison v Fischer, 119 AD3d 1306, 1306 [2014]; Matter of Shepherd v Fischer, 111 AD3d 1213, 1214 [2013], lv denied 22 NY3d 864 [2014]). Finally, there is no indication in the record that the Hearing Officer was biased or that the determination flowed from any bias (see Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]; Matter of Garcia v Garner, 122 AD3d 988, 989 [2014]). Petitioner's remaining claims have been considered and found to be without merit.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur.

---

[1] Although the petition does not raise an issue of substantial evidence and the proceeding was, therefore, improperly transferred, we retain jurisdiction and address the merits of petitioner's claims in the interest of judicial economy (see Matter of Hand v Greene, 118 AD3d 1245, 1245 n [2014]).

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

*Robert D Mayberger*

Robert D. Mayberger
Clerk of the Court