Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner’s cell, a correction officer found two state-issued sheets and a pillow case that had been ripped as well as a state-issued T-shirt with a missing hem. Petitioner refused the officer’s request to make voluntary restitution for the items damaged and purportedly used profane language toward the officer. He was charged in a misbehavior report with possessing an altered item, damaging state property and verbally harassing an employee. Following a tier III disciplin *1447 ary hearing, petitioner was found guilty of the first two charges but not of the third charge. The determination was later affirmed on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, related documentation and physical evidence examined by the Hearing Officer at the hearing provide substantial evidence supporting the determination of guilt (see generally Matter of Gaston v Annucci, 147 AD3d 1131, 1132 [2017]; Matter of Bermudez v Fischer, 107 AD3d 1269, 1270 [2013]). Although petitioner maintained that the items were planted in his cell in retaliation for a complaint that he had filed against the author of the misbehavior report, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Giano v Prack, 138 AD3d 1285, 1285-1286 [2016], lv denied 27 NY3d 912 [2016]; Matter of Wilson v Goord, 47 AD3d 1102, 1103 [2008]). Moreover, petitioner was not improperly denied a copy of complaints that he had previously made against an officer as it was redundant to his testimony concerning the alleged retaliation and the Hearing Officer explicitly credited petitioner’s testimony that he had made such complaints (see Matter of Doyle v Prack, 115 AD3d 1110, 1111 [2014], lv denied 23 NY3d 907 [2014]). Furthermore, there is nothing in the record to suggest that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Patterson v Venettozzi, 140 AD3d 1562, 1563 [2016]; Matter of Giano v Prack, 138 AD3d at 1286). We have examined petitioner’s remaining contentions and find that they are either unpreserved for our review or are lacking in merit.
McCarthy, J.P., Egan Jr., Lynch, Rose and Mulvey, JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.