■ In the Matter of BERNABE ENCARNACION, Appellant, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [55 NYS3d 516]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Hard, J.), entered May 17, 2016 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with lying following an investigation into petitioner's accusation that he was physically and sexually assaulted by correction facility staff. Following a tier III disciplinary hearing, petitioner was found guilty of that charge and the determination was affirmed on administrative appeal. Petitioner commenced this CPLR article 78 proceeding raising various procedural issues. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Petitioner's assertion that the notice of charges was not translated into Spanish, his native language, is not preserved for our review inasmuch as this was not raised at

the hearing (*see Matter of Valdez v Fischer*, 74 AD3d 1596, 1597 [2010]). In any event, petitioner acknowledged at the hearing that he received, reviewed and understood the information contained in the misbehavior report and, as this Court has already determined with respect to this petitioner, he is proficient in the English language (*see Matter of Encarnacion v Goord*, 19 AD3d 906, 906-907 [2005]; *Matter of Encarnacion v Goord*, 17 AD3d 749, 749 [2005], *lv denied* 5 NY3d 705 [2005]; *Matter of Encarnacion v Goord*, 286 AD2d 828, 829-830 [2001], *appeal dismissed and lv denied* 97 NY2d 653 [2001], *lv denied* 97 NY2d 606 [2001]). To the extent that petitioner contends that he received inadequate employee assistance due to the employee assistant's failure to provide him with requested documentation or witness statements, any alleged deficiencies were addressed by the Hearing Officer, who provided petitioner with any relevant and existing documentation and called those relevant witnesses who agreed to testify (*see Matter of Jones v Fischer*, 138 AD3d 1294, 1295 [2016]). We are also unpersuaded by petitioner's general assertion that he was improperly denied the right to call witnesses. A review of the record demonstrates that certain inmate witnesses refused to testify and executed witness refusal forms, and other requested witnesses were denied by the Hearing Officer based upon the irrelevant or redundant nature of their testimony. Finally, petitioner's challenge to the timeliness of the hearing is without merit as the record reflects that the hearing was commenced in accordance with a valid extension request (*see Matter of Wilson v Annucci*, 138 AD3d 1335, 1335 [2016]). Petitioner's remaining contentions are not properly preserved for our review.

Garry, Devine, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed, without costs.