■ In the Matter of ELIAS CRUZ, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [59 NYS3d 820]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner and another inmate were observed punching each other in a populated prison yard area and ignored an initial directive to stop. Petitioner was then escorted into the facility where a pat frisk led to the discovery of an approximately six-inch long weapon in the form of a pen with a piece of plastic

sharpened to a point and attached at one end. As a result of the incident in the prison yard, petitioner was charged in a misbehavior report with fighting, disobeying a direct order, violent conduct and creating a disturbance. As to the discovery of the weapon, petitioner was charged in a second misbehavior report with possessing a weapon and smuggling. Petitioner pleaded guilty to the charges of fighting and disobeying a direct order, and, following a combined tier III disciplinary hearing, petitioner was found guilty of the remaining charges. The determination was affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.

We confirm. Initially, because petitioner pleaded guilty to fighting and disobeying a direct order, he may not challenge the sufficiency of the evidence supporting the determination of guilt with respect thereto (see Matter of Caraway v Annucci, 144 AD3d 1296, 1297 [2016]; Matter of Medina v Venettozzi, 127 AD3d 1482, 1482 [2015]; Matter of Hodge v Selsky, 53 AD3d 953, 954 [2008]). As to the remaining charges, the misbehavior reports, hearing testimony from the authors of those reports and related documentation, including the in camera documentation submitted for our review, provide substantial evidence to support the determination of guilt (see Matter of Ramos v Annucci, 150 AD3d 1510, 1511 [2017]; Matter of Lamage v Fischer, 100 AD3d 1176, 1176 [2012]). To the extent that petitioner claims that he acted in self-defense, that the weapon was planted on him by prison staff and that the misbehavior reports were authored in retaliation for a previous incident that he was involved in, such claims presented a credibility issue for the Hearing Officer to resolve (see Matter of Encarnacion v Bellnier, 89 AD3d 1301, 1302 [2011]). We further reject petitioner's contention that a pen cannot be a weapon under the relevant disciplinary rule, as the evidence demonstrates that the altered pen that was found in petitioner's possession was, "under the circumstances in which it [wa]s used, . . . capable of causing bodily harm" and, therefore, properly deemed a weapon or dangerous instrument (7 NYCRR 270.2 [B] [14] [i]; see Matter of Dawes v Annucci, 122 AD3d 1059, 1061 [2014]; Matter of Ferguson v Fischer, 107 AD3d 1272, 1272 [2013]).

Further, petitioner received all of the existing and relevant documents that he requested; to the extent that petitioner claims that he was denied access to the unusual incident report, he did not make a request for that report, and, even if he had, petitioner is unable to demonstrate prejudice given that the report does not contain any exculpatory information (see Matter of Proctor v Fischer, 107 AD3d 1267, 1268 [2013], lv

*denied* 22 NY3d 853 [2013]; *Matter of Seymour v Goord*, 24 AD3d 831, 831-832 [2005], *lv denied* 6 NY3d 711 [2006]). Nor was petitioner improperly denied witnesses as the nurse and mental health counselor—the requested witnesses—would have provided testimony that was either irrelevant or redundant (*see Matter of Encarnacion v Annucci*, 150 AD3d 1581, 1582 [2017]; *Matter of Jones v Fischer*, 139 AD3d 1219, 1220 [2016]). Petitioner's remaining claims, to the extent they are properly before us, have been considered and found to lack merit.

McCarthy, J.P., Egan Jr., Rose, Clark and Pritzker, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.