Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged in a misbehavior report with possessing a weapon and possessing an altered item after a search of his cell uncovered a hidden weapon in the form of a 5x/2-inch-long black pen with a sharp metal point at the end. Following a tier III disciplinary hearing, petitioner was found guilty of both charges, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
 

 We confirm. Initially, given that petitioner pleaded guilty to the charge of possessing an altered item, he forfeited any challenge to the sufficiency of the evidence supporting the determination of guilt with respect to that charge (see Matter of Donerlson v Annucci, 147 AD3d 1142, 1142 [2017]; Matter of Shufelt v Annucci, 138 AD3d 1336, 1337 [2016]). With regard to petitioner’s challenge to the determination on the possessing a weapon charge, we find that the misbehavior report, the unusual incident report, which includes a picture of the weapon, and the testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Mason v Annucci, 153 AD3d 1013, 1013 [2017]; Matter of Smart v Fischer, 122 AD3d 1023, 1024 [2014], lv denied 24 NY3d 916 [2015]). Petitioner’s exculpatory explanation that he used the altered pen for arts and crafts and that it was not a weapon presented a credibility issue for the Hearing Officer to resolve (see e.g. Matter of Harvey v Fischer, 94 AD3d 1303, 1303 [2012]).
 

 We also reject petitioner’s contention that he was unable to adequately participate in the hearing because he did not have his binaural hearing aids during the hearing. Although a “hard of hearing inmate who uses an amplifier or other device as a reasonable accommodation must have the opportunity to use such device during the hearing” (7 NYCRR 254.2), here the Hearing Officer adjourned the hearing to permit petitioner to obtain assistance shortly after petitioner indicated that he did not have his hearing aids. Further, the record demonstrates that petitioner indicated that he understood the Hearing Officer and the charges against him and, when the hearing resumed three days later, there is no indication that petitioner was without his hearing aids, the issue was not raised again and the record reflects that he fully and knowledgeably participated in the proceedings (see Matter of McFadden v Prack, 120 AD3d 853, 854 [2014], lv denied 24 NY3d 908 [2014], lv dismissed 24 NY3d 930 [2014]; Matter of Medina v New York State Dept. of Corr. Servs., 104 AD3d 976, 977 [2013], lv denied 21 NY3d 859 [2013]). Finally, there is no basis in the record upon which we can conclude that the Hearing Officer exhibited bias or that the determination flowed from any alleged bias (see e.g. Matter of Williams v Venettozzi, 150 AD3d 1501, 1502 [2017]). To the extent that petitioner’s remaining arguments are properly before us, they have been considered and found to be without merit.
 

 Garry, J.P., Rose, Devine, Mulvey and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.