Matter of Knight v Colvin (2018 NY Slip Op 06346)





Matter of Knight v Colvin


2018 NY Slip Op 06346


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


892 TP 17-01593

[*1]IN THE MATTER OF JERRY KNIGHT, PETITIONER,
v
JOHN COLVIN, SUPERINTENDENT, FIVE POINTS CORRECTIONAL FACILITY, RESPONDENT. 






JERRY KNIGHT, PETITIONER PRO SE. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered September 7, 2017) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of a determination, following a tier II disciplinary hearing, that he violated various inmate rules, including rule 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), rule 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]) and rule 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]). Contrary to petitioner's contention, the misbehavior report, the testimony of the author of that report, and the testimony of other witnesses at the administrative hearing constitute substantial evidence to support the charges (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]).
Contrary to petitioner's further contention, there is no indication in the record that "the determination of the Hearing Officer was influenced by [any] bias against petitioner. The mere fact that the Hearing Officer ruled against . . . petitioner is insufficient to establish bias' " (Matter of Wade v Coombe, 241 AD2d 977, 977 [4th Dept 1997]; see Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [4th Dept 2011]). Petitioner was not improperly denied the right to call witnesses inasmuch as one of the requested witnesses refused to testify, and the requested witnesses would have provided testimony that was redundant or immaterial (see 7 NYCRR 254.5 [a]; Matter of Encarnacion v Annucci, 150 AD3d 1581, 1582 [3d Dept 2017], lv denied 30 NY3d 903 [2017]; Matter of Green v Sticht, 124 AD3d 1338, 1339 [4th Dept 2015], lv denied 26 NY3d 906 [2015]).
Petitioner failed to exhaust his administrative remedies with respect to his remaining contentions, and thus this Court "has no discretionary power to reach" them (Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]; see Matter of Gray v Annucci, 144 AD3d 1613, 1614 [4th Dept 2016], lv denied 29 NY3d 901 [2017]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court