Matter of Torres v Annucci (2018 NY Slip Op 08595)





Matter of Torres v Annucci


2018 NY Slip Op 08595


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526203

[*1]In the Matter of GUILLERMO TORRES, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: October 26, 2018

Before: Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Guillermo Torres, Marcy, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany county) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
After a search of petitioner's cell uncovered a hot pot that had been altered with a paper clip to bypass the temperature sensor, as well as a single pill that had not been prescribed to petitioner, he was charged in a misbehavior report with possessing an altered item, altering state property, creating a potential fire hazard, tampering with electricity and possessing unauthorized medication. Following a tier III disciplinary hearing, petitioner was found guilty of all charges, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and we agree, that the part of the determination finding petitioner guilty of possessing unauthorized medication must be annulled as the record reflects that petitioner may not have been afforded his conditional right to observe that portion of the cell search that resulted in the pill being discovered. As such, the determination must be annulled to that extent and all references to the charge of possessing unauthorized medication must be expunged from his institutional record (see Matter of Reed v Annucci, 155 AD3d 1193, 1193 [2017]). Because petitioner has served the penalty, and no loss of good time was imposed, the matter need not be remitted to respondent for further proceedings (see Matter of Thompson v Kirkpatrick, 160 AD3d 1234, 1235 [2018]).
Turning to the remainder of the disciplinary determination, we find that the misbehavior report and testimony at the hearing provide substantial evidence to support the finding of guilt as to the remaining charges (see Matter of Cruz v Annucci, 149 AD3d 1446, 1447 [2017]; Matter of [*2]Mitchell v Fischer, 81 AD3d 1013, 1014 [2011]; Matter of Valdez v Fischer, 74 AD3d 1596, 1597 [2010]). To the extent that petitioner challenges the chain of custody of the confiscated hot pot, the misbehavior report and testimony from the correction officer who authored it establish that the hot pot did not leave the correction officer's custody until he secured it in the contraband room (see Matter of Perez v Polizzi, 160 AD3d 1319, 1319-1320 [2018]; Matter of Rodriguez v Venettozzi, 156 AD3d 1029, 1030 [2017]).
Although petitioner also contends that he was not present to observe any of the cell search because he was being processed through the metal detector, the correction officer who conducted the search testified that, while petitioner may not have been there when the pill was discovered, he was there when the altered hot pot was found and even asked that the correction officer remove the paper clip from the heating sensor. The conflicting testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Alston v Annucci, 153 AD3d 981, 982 [2017]; Matter of Giano v Prack, 138 AD3d 1285, 1285-1286 [2016], lv denied 27 NY3d 912 [2016]). Finally, we are unpersuaded by petitioner's contention that the Hearing Officer was biased as the record reflects that the determination of guilt flowed from the evidence presented and not any alleged bias on the part of the Hearing Officer (see Matter of Myers v Venettozzi, 155 AD3d 1143, 1144 [2017]; Matter of Cruz v Annucci, 149 AD3d at 1447). Petitioner's remaining contentions have been reviewed and found to be without merit.
Devine, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing unauthorized medication; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.