Matter of Gonzalez v Annucci (2019 NY Slip Op 00508)





Matter of Gonzalez v Annucci


2019 NY Slip Op 00508


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526227

[*1]In the Matter of AMAURIZ GONZALEZ, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: January 4, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Amauriz Gonzalez, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with disobeying a direct order, smuggling, engaging in an unhygienic act and possessing a weapon. According to the misbehavior report, petitioner, who was under contraband watch, requested a bucket in order to defecate and was told by a correction officer to keep his hands where they could be seen. The correction officer then observed petitioner reach into the bucket, retrieve what appeared to be a small balloon and, when ordered to give the item to the correction officer, swallow it. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and that determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination of guilt.
Initially, respondent concedes, and our review of the record confirms, that the record fails to support the finding of guilt with regard to the charge of possessing a weapon, and the determination must be annulled to that extent. Because a loss of good time was recommended, the matter must be remitted to respondent for a redetermination of the penalty with respect to the remaining violations (see Matter of Tomlin v Annucci, 160 AD3d 1183, 1183 [2018]; Matter of Devaughn v Annucci, 157 AD3d 1182, 1183 [2018]).
With regard to the remaining charges, the misbehavior report and supporting testimony at the hearing provide substantial evidence to support the determination of guilt, notwithstanding the fact that the contraband was never recovered (see Matter of Douglas v Fischer, 115 AD3d 1103, 1103 [2014]; Matter of Gee v Goord, 21 AD3d 636, 637 [2005]). To the extent that [*2]petitioner denied the charges, this created a credibility issue for the Hearing Officer to resolve (see Matter of Wigfall v Department of Corr. Servs., 100 AD3d 1211, 1212 [2012]).
Turning to petitioner's procedural challenges, we find that the hearing was commenced in a timely manner and was completed in accordance with proper extension requests (see Matter of Encarnacion v Annucci, 150 AD3d 1581, 1582 [2017], lv denied 30 NY3d 903 [2017]; Matter of Wilson v Annucci, 138 AD3d 1335, 1335 [2016]). Furthermore, "we note that compliance with the regulatory time limits contained in 7 NYCRR 251-5.1 is directory only and there is no indication of any substantive prejudice to petitioner resulting from the [alleged] delay" (Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017] [internal quotation marks and citation omitted]). Finally, we find nothing in the record to support petitioner's claim that the Hearing Officer did not conduct the hearing in a fair and impartial manner or that the determination flowed from any alleged bias (see Matter of Brown v Venettozzi, 164 AD3d 1583, 1584 [2018]; Matter of Davis v Bedard, 161 AD3d 1473, 1474 [2018]). Petitioner's remaining contentions, including his challenge to the adequacy of the hearing transcript, have been reviewed and are without merit.
Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing a weapon and imposed a penalty; petition granted to that extent, respondent is directed to expunge all references to this charge from petitioner's institutional record and matter remitted to respondent for an administrative redetermination of the penalty imposed upon the remaining violations; and, as so modified, confirmed.