Matter of Newkirk v Annucci (2022 NY Slip Op 05247)

Matter of Newkirk v Annucci

2022 NY Slip Op 05247

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

533789
[*1]In the Matter of David Newkirk, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:September 2, 2022

Before:Garry, P.J., Egan Jr., Clark, Pritzker and McShan, JJ.

David Newkirk, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in violent conduct, assaulting staff, creating a disturbance and committing an unhygienic act. The correction officer who authored the report alleged that, while he was conducting a facility count, he observed petitioner standing in his cube urinating in a container and, when he ordered petitioner to cease doing so, petitioner kicked a chair that struck the officer in the legs, causing him to fall toward petitioner. The officer held petitioner in a body hold as they fell and, while they were engaged, petitioner struck the officer in the back of the head and pushed his thumb into the officer's eye. The officer was eventually able to separate himself from petitioner, at which point he directed petitioner to sit on his bed and petitioner complied. Following a tier III disciplinary hearing at which the officer testified consistent with his report and petitioner offered a contrary account, petitioner was found guilty of the charges and a penalty was imposed, and the determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, hearing testimony of its author who was involved in the incident and other documentary evidence provide substantial evidence to support the determination of guilt. Petitioner's contrary testimony and that of his witnesses, three incarcerated persons housed in adjacent cubes, presented a credibility issue for the Hearing Officer, who expressly credited the testimony of the officer involved (see Matter of Gonzalez v Annucci, 199 AD3d 1146, 1147 [3d Dept 2021]; Matter of Killimayer v Annucci, 199 AD3d 1151, 1151 [3d Dept 2021]). Further, we find that petitioner was not impermissibly denied his right to call witnesses on his behalf. The Hearing Officer heard from three of petitioner's witnesses who petitioner acknowledged had corroborated his account of the incident. When asked why the Hearing Officer should hear the testimony of the fourth witness, petitioner conceded that it was unnecessary to do so. Thus, the determination of the Hearing Officer that the testimony of the additional witness would have been redundant was proper (see Matter of Steele v Annucci, 178 AD3d 1226, 1227 [3d Dept 2019]; Matter of Cruz v Annucci, 152 AD3d 1100, 1102 [3d Dept 2017]; Matter of Encarnacion v Annucci, 150 AD3d 1581, 1582 [3d Dept 2017], lv denied 30 NY3d 903 [2017]). Petitioner's remaining contentions have been examined and found to be without merit.
Garry, P.J., Egan Jr., Clark, Pritzker and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.